UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 3:12-CR-071 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT J. MELLOW, | ) | |
| | ) | |
| Defendant. | ) | |

FILED
SCRANTON
MAR 15 2012
PER
DEPUTY CLERK

## PLEA AGREEMENT

The following plea agreement is entered into by and between the United

States Attorney for the Middle District of Pennsylvania and the above-captioned

defendant. Any reference to the United States or to the Government in this

Agreement shall mean the Office of the United States Attorney for the Middle

District of Pennsylvania.

The defendant and counsel for both parties agree that the United States

Sentencing Commission Guidelines which took effect on November 1, 1987, as

amended and interpreted by United States v. Booker, 125 S. Ct. 738 (2005), will

apply to the offense or offenses to which the defendant is pleading guilty.

1. Waiver of Indictment/Plea of Guilty. The defendant agrees to waive

indictment by a grand jury and plead guilty to a felony information which will be

filed against the defendant by the United States Attorney for the Middle District of

Pennsylvania. That information will charge the defendant with a violation of Title

18, United States Code, Section 371, conspiracy to commit an offense against the United States and to defraud the United States. The maximum penalty for that offense is imprisonment for a period of 5 years, a fine of $250,000.00, a maximum term of supervised release of up to 3 years, to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits as well as an assessment in the amount of $100.00. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense charged in the information. The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts that support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximum provided for by law, will be determined by the court after briefing, or a pre-sentence hearing, or at a sentencing hearing. The defendant agrees, however, that the United States may at its sole election seek additional charges in the event that the charge to which the defendant has pleaded guilty pursuant to this agreement is subsequently vacated, set aside, or invalidated by the district court or a ruling of an appellate court. The defendant further agrees to waive any defenses to additional charges which could have been brought against the defendant at the

2

time of this agreement based upon, laches, the assertion of speedy trial rights, or any applicable statute of limitations.

2. Supervised Release. The defendant also understands that the Court must impose a term of supervised release following any sentence of imprisonment exceeding one (1) year, or when required by statute. The Court may require a term of supervised release in any other case. In addition, the defendant understands that as a condition of any term of supervised release or probation, the Court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

3. Maximum Sentence. The defendant understands that the total, maximum possible sentence for all charges is the combination of penalties described above; that is 5 years in prison and/or fines totaling $250,000.00, a term of supervised release to be determined by the Court, the costs of prosecution, denial of certain federal benefits and an assessment totaling $100.00.

4. Fine. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties

3

pursuant to Title 18, United States Code, Section 3611, et seq.

5. <u>Alternative Fine</u>. The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the District Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

6. <u>Inmate Financial Responsibility Program</u>. If the Court awards a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7. <u>Special Assessment</u>. The defendant understands that the Court will impose a special assessment of $100.00 pursuant to the provisions of Title 18, United States Code, Section 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special

4

assessment directly to the Clerk, United States District Court Middle District of Pennsylvania. This check should be made payable to "Clerk, United States District Court". Counsel for the defendant shall provide a copy of the special assessment check or a Clerk's receipt to the United States Attorney's Office for the Middle District of Pennsylvania at the time of sentencing certifying compliance with this provision of the plea agreement. If the defendant intentionally fails to make this payment, pays with an insufficient funds check, or otherwise fails to comply with any of the requirements of the United States Attorney's Office's Financial Litigation Unit regarding the special assessment, it is understood that this failure may be treated as a breach of this plea agreement and may result in further prosecution or the filing of additional criminal charges, or a contempt citation.

8. <u>Collection of Financial Obligations</u>. In order to facilitate the collection of financial obligations to be imposed in connection with this case, defendant agrees fully to disclose all assets in which defendant has an interest or over which defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party. The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Office's Financial Litigation Unit regarding the defendant's financial status and will promptly submit a completed financial statement to the United States Attorney's Office as directed.

Defendant agrees that the financial statement shall be complete, accurate, and truthful. As part of this process, the defendant, whether represented by counsel or not, consents to contact by and communication with the Financial Litigation Unit, and regarding representation by undersigned counsel, the defendant and counsel consent to contact by and communication with the Financial Litigation Unit and agree to waive any prohibition against communication with a represented party by the United States Attorney's Office regarding defendant's financial status. Further, the defendant authorizes the United States Attorney's Office to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the Court.  Additionally, pursuant to Title 18, United States Code, Section 3664 (d)(3) the defendant also agrees to complete the required financial affidavit, fully describing the defendant's financial resources within 10 days of the guilty plea. The defendant will submit the original affidavit, on forms prescribed by the probation office, to the U.S. Probation Office with a copy to the United States Attorney's office.

9. No Further Prosecution.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense described above or arising out of the defendant's involvement in any

6

other offenses under investigation at the time of this agreement.

10. <u>Acceptance of Responsibility–Two or Three Levels</u>. Counsel for the defendant has affirmatively indicated to the United States Attorney's Office that the defendant not only wishes to enter a plea of guilty, but will clearly demonstrate a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines. Additionally, the defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate its resources efficiently. Accordingly, if the defendant can adequately demonstrate this acceptance of responsibility to the government, and if the defendant's base offense level is at least 16, the United States Attorney's Office  hereby moves at sentencing that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility. If the defendant's base offense level is less than 16, then United States Attorney's Office hereby moves at sentencing that the defendant receive a two-level reduction in the defendant's offense level for acceptance of responsibility. The failure of the Court to find that the defendant is entitled to this reduction shall not be a basis to void this plea agreement.

11. <u>Appropriate Sentence Recommendation</u>. At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

12. <u>Rule 11(c)(1)(C) Binding Agreement</u>. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government and the defendant stipulate and agree to the following for the purposes of sentencing:

(a) pursuant to U.S.S.G. § 2B1.1, the loss, if any, to the Pennsylvania Senate as a result of the defendant's fraudulent conduct is in the range of $0 to $120,000.00;

(b) each party reserves the right to present evidence to the Court and to make whatever arguments it deems appropriate with regard to the Court's ascertainment of any loss amount. Each party reserves the right to argue that any loss amount attributable to the defendant falls anywhere between $0 and $120,000; and

(c) the defendant's offense level shall not be increased as a result of U.S.S.G. §§ 3D1.1, 3D1.2, 3D1.3 or 3D1.4.

If at sentencing the Court fails to accept all of these stipulations of the parties entered into pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, then the defendant has the right to withdraw from this agreement and

8

any guilty plea entered pursuant to this agreement.

13. <u>Specific Sentencing Guidelines Recommendations</u>.  With respect to the

application of the United States Sentencing Commission Sentencing Guidelines to

the defendant's conduct, the parties agree to recommend as follows:

> (a) § 2B1.1 of the United States Sentencing Commission advisory guidelines is the guideline to be applied to the offense conduct relating to the fraud committed by the defendant on the Pennsylvania Senate;
>
> (b) Pursuant to U.S.S.G. § 3B1.1(c), the defendant's offense level should be increased by 2 levels since the defendant was an organizer, leader, manager or supervisor in the criminal activity relating to the fraud committed on the Pennsylvania Senate;
>
> (c) Pursuant to U.S.S.G. § 3B1.3, the defendant's offense level should be increased by 2 levels since the defendant abused a position of public trust;
>
> (d) The United States reserves the right to rebut any defense argument relating to application of the United States Sentencing Commission's advisory guidelines to the defendant's conduct.

The defendant understands that none of these recommendations is binding upon

either the court or the United States Probation Office, which may make different

findings as to the application of the United States Sentencing Commission

Sentencing Guidelines to the defendant's conduct.  The defendant further

understands that the United States will provide the Court and the United States

Probation Office all information in its possession which it deems relevant to the

application of the United States Sentencing Commission Sentencing Guidelines to

the defendant's conduct.

14. <u>Special Conditions of Probation/Supervised Release</u>.  If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

a.    The defendant be prohibited from possessing a firearm or other dangerous weapon.

b.    The defendant make restitution, if applicable, payment of which shall be in accordance with a schedule to be determined by the court.

c.    The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

d.    The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation office unless the defendant is in compliance with the payment schedule.

e.    The defendant be directed to provide the probation office and the United States Attorney access to any requested financial information.

f.    The defendant be confined in a community treatment center, halfway house or similar facility.

g.    The defendant be placed under house detention.

h.    The defendant be ordered to perform community service.

i.    The defendant be restricted from working in certain types of occupation or with certain individuals, if the Government deems such restrictions to be appropriate.

j.    The defendant be directed to attend substance abuse counseling which may include testing to determine whether the defendant is using drugs or alcohol.

k.    The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the probation officer.

l.    The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

m.    The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

15. Mandatory Restitution Act. The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, Section 3663A, the Court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's

11

conduct. The government will recommend that the amount of restitution should not exceed the amount of loss determined by the Court. With respect to the payment of this restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of this restitution in full, unless the defendant can demonstrate to the satisfaction of the court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case the defendant will be required to make partial restitution payments. The defendant understands and agrees that the United States Attorney's Office, by and through the Financial Litigation Unit, has the obligation and the right to pursue any legal means, including but not limited to, submission of the debt to the Treasury Offset Program to collect the full amount of restitution owed to the victim(s) in a timely fashion. While the defendant reserves the right to contest the amount of restitution owed, the defendant agrees to take all steps to facilitate collection of this restitution.

16. <u>Full Restitution</u>. The defendant agrees to make full restitution in the amount determined by the Court  in accordance with a schedule to be determined by the court  The defendant also agrees that full restitution shall be a condition of any probation or term of supervised release that the defendant receives. If the court concludes that the defendant is financially unable to make full restitution,

12

the defendant agrees to perform community service, as directed by the court, until the value of the service equals the amount of restitution due.  Such community service shall be a condition of any probation or terms of supervised release and would be an alternative to monetary restitution that might otherwise be required under this agreement.

17. <u>Background Information for Probation Office</u>.  The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character and involvement in this or other offenses.

18. <u>Objections to Pre-Sentence Report</u>.  The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the probation officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained on or omitted from the report.  The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences.  If any issues remain

13

unresolved, they shall be communicated to the probation officer for his inclusion on an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard of proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

19. <u>Relevant Sentencing Information</u>.  At the sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this agreement.

20. <u>Maximum Sentence</u>.  The defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendations made by the parties. Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 5 years, a fine of

14

$250,000.00, a maximum term of supervised release of up to 3 years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits and assessments totaling $100.00.

21. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>. If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone. Except for the Rule 11(c)(1)(C) binding portion of this plea agreement, the defendant understands that he will not be permitted to withdraw any guilty plea should the Court decline to follow any other recommendations by any of the parties to this agreement. If, however, the Court declines to accept the Rule 11(c)(1)(C) stipulations of the parties, then the defendant has the right to withdraw from this agreement and any guilty plea entered pursuant to this agreement.

22. <u>Breach of Agreement</u>. In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations. Whether or not the defendant has completely fulfilled all of the obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the

15

defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence.

23. <u>Remedies for Breach</u>.  The defendant and the United States agree that in the event the Court concludes that the defendant has breached the agreement:

a.      The defendant will not be permitted to withdraw any guilty plea tendered under this agreement and agrees not to petition for withdrawal of any guilty plea;

b.      The United States will be free to make any recommendations to the Court regarding sentencing in this case;

c.      The United States will be free to bring any other charges it has against the defendant, including any charges which may have been under investigation at the time of the plea. The defendant waives and hereby agrees not to raise any defense to the filing of these charges, which could have been brought against the defendant at the time of this agreement, based upon laches, the assertion of speedy trial rights, or any applicable statute of limitations.  In addition, with regard to the Information to be filed in connection with this plea agreement, the defendant agrees to waive and not to raise any claim of Double Jeopardy that may arguably arise from his guilty plea and/or sentencing on that charge.

16

24. Further Prosecution for Perjury, False Statement, Etc. Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement, including perjury, false declaration, or false statement, in violation of Title 18, United States Code, Section 1621, 1623, or 1001, or obstruction of justice, in violation of Title 18, United States Code, Section 1503, 1505, or 1510.

25. No Civil Claims or Suits.   The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation covered by this agreement, including but not limited to any claims for attorneys' fees and other litigation expenses arising out of the investigation and prosecution of this matter. By the defendant's guilty plea in this matter the defendant further acknowledges that the government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

26. Status of Professional License.  It is further understood and agreed that the status of any professional license held by the defendant is not protected by this agreement and is a matter solely within the discretion of the appropriate licensing authority.  The United States may in its discretion provide to any such licensing

17

authority any documents and information in its possession.

27. Payment of Tax, Interest and Penalties.

The defendant agrees to cooperate fully with the Internal Revenue Service as follows:

a. The defendant agrees to pay tax, interest and penalties as directed by the Court to the Internal Revenue Service in a total amount of $31,748.00. This amount is based on tax, interest and penalties due for tax year 2008.

b. The defendant agrees to pay all taxes, interest and penalties due under subparagraph (a) as determined by the IRS to be due and owing no later than the conclusion of any period of probation and/or supervised release the sentencing court may impose.

c. Prior to sentencing, the defendant will properly execute and deliver to the IRS Examination Division IRS Form 4549.

d. The defendant agrees that he will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of the taxes and interest that he agrees to pay as in subparagraph a.

e. The defendant further agrees not to file any claims for refund of taxes, penalties and interest for the year 2008 or for any other amounts paid pursuant to this agreement.

f. Defendant agrees that subparagraphs a through e of this paragraph are appropriate conditions for probation and/or supervised release.

28. Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes penalties or interest due from the defendant for any years aside from the years covered by this agreement. Defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil tax liabilities, including tax, interest, and penalties.

29. Non-Limitation on Government's Response. Nothing in this agreement shall restrict or limit the nature or content of the United States's motions or responses to any motions filed on behalf of the defendant. Nor does this agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of the Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures, subject to the Rule 11(c)(1)(C) provisions of this agreement.

30. Agreement Not Binding on Other Agencies. Nothing in this agreement shall bind any other United States Attorney's Office, state prosecutor's office or

federal, state or local law enforcement agency.

31. <u>Violation of Law While Plea or Sentence Pending</u>.  The defendant understands that it is a condition of this plea agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea and /or sentencing in this case, the government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: A) withdraw from this agreement, or B) make any sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing,  the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this plea agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

32. <u>Plea Agreement Serves Ends of Justice</u>. The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the

charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

33. <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written plea agreement.

34. <u>Deadline for Acceptance of Plea Agreement</u>. The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., March 2, 2012, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

35. <u>Required Signatures and Approvals.</u>  None of the terms of this

agreement shall be binding on the Office of the United States Attorney for the

Middle District of Pennsylvania until signed by the defendant and defense counsel

and until signed by the United States Attorney.  None of the terms of this

agreement shall be binding on the Office of the United States Attorney for the

Middle District of Pennsylvania until approved by the United States Department

of Justice Criminal Tax Division.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.


___3.02.12___
Date

ROBERT J. MELLOW
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.


___3/2/12___
Date

DANIEL T. BRIER
Counsel for Defendant


___3-02-12___
Date

SAL COGNETTI, JR.
Counsel for Defendant

PETER J. SMITH
UNITED STATES ATTORNEY


___3-15-12___
Date

By: FRANCIS P. SEMPA
Assistant United States Attorney

FPS: taf/2009R00472/February 29, 2012
*Revised* 1/25/2011

By: WILLIAM S. HOUSER
Assistant U.S. Attorney

23